# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| EDDIE MICHAEL INGMAN, <br><br> Plaintiff, <br><br> vs. <br><br> FCA US LLC, et al., <br><br> Defendant. | CV-17-00069-GF-BMM <br><br><br> **ORDER** |

Plaintiff Eddie Michael Ingman filed this action in Montana's Eight Judicial District Court, Cascade County on July 7, 2017. (Doc. 3.) Plaintiff named as defendants FCA US LLC, Grimes Buick-GMC, Inc., and Does 1 through 100. *Id.* FCA US removed this action to federal court on August 10, 2017, pursuant to 28 U.S.C. § 1452. (Doc. 1.)

Plaintiff filed a Motion to Remand, pursuant to 28 U.S.C.A. §§ 1441, 1447 on September 1, 2017. (Doc. 7.) Plaintiff additionally moved for sanctions and costs, pursuant to 28 U.S.C.A. §§ 1446(a), 1447(c), and Fed. R. Civ. P. 11. *Id.* Defendants filed a Motion to Transfer to the Southern District of New York, pursuant to 28 U.S.C. § 1412 on September 14, 2017. (Doc. 22.) The Court conducted a hearing on November 2, 2017. (Doc. 45.)

1

# FACTUAL BACKGROUND

Chrysler, LLC (subsequently known as Old Carco LLC) and twenty-four of its affiliated entities (collectively "Debtors") filed for bankruptcy in April 2009. (Doc. 1 at 2.) The Debtors and FCA US entered into a Master Transaction Agreement ("MTA") under which FCA US purchased substantially all of Debtors' assets and assumed certain liabilities. *Id.* at 3. The United States Bankruptcy Court for the Southern District of New York entered an order approving an asset sale to FCA US ("Sale Order") under the terms of the MTA on June 1, 2009. *Id.*

The Sale Order by the bankruptcy court makes clear that FCA US assumed Chrysler's notification and remedy obligations pertaining to pre-existing safety defects in vehicles. (Doc. 1-2 at 21.) In an amendment to the MTA ("Amendment No. 4"), FCA US agreed to assume liability for all product liability claims that may arise on or after closing and are not barred by the statute of limitations. Amendment No. 4 specifically excluded any product liability claims that alleged "exemplary or punitive damages." (Doc. 1 at 5.) The bankruptcy court approved Amendment No. 4 on November 19, 2009. *Id.*

Plaintiff alleges serious injuries from a single vehicle incident on March 5, 2017. Plaintiff was driving a 2001 Chrysler Jeep Wrangler Sahara/TJ Sahara on U.S. Highway 89 in Cascade County, Montana. (Doc. 3 at 2.) Plaintiff alleges that FCA US's predecessor, Chrysler Group LLC, defectively designed or manufactured the

vehicle. *Id.* at 6. Plaintiff alleges that sometime after the bankruptcy sale, FCA US knew or should have known, that the vehicle had not been designed, manufactured, sole, inspected, supplied, modified, and/or provided in a reasonable manner. *Id.* at 8. Plaintiff further alleges that after the bankruptcy sale, FCA US negligently, carelessly, and/or maliciously failed to ensure that consumers had been warned of the dangers associated with the design of the vehicle, including steps to remedy and/or recall the product. *Id.* at 8. Plaintiff seeks punitive damages against FCA US based on FCA US's alleged post-bankruptcy sale conduct. *Id.* at 10.

## PROCEDURAL BACKGROUND

FCA US filed a Notice of Removal on August 10, 2017. (Doc. 1.) Plaintiff filed a Motion to Remand on September 1, 2017. Plaintiff asserts that the punitive damages provision in Amendment No. 4 to the Sale Order addresses only claims that arise from FCA's conduct before the bankruptcy sale. (Doc. 7.) Plaintiff contends that his punitive damages claim relies solely on FCA's conduct that occurred after the sale. Plaintiff seeks to have this case remanded to Montana's Eight Judicial District Court based on this Court lacks subject matter jurisdiction over the claims alleged against the Defendants. (Doc. 7 at 2.)

FCA US filed a Motion to Transfer Venue on September 14, 2017. (Doc. 22.) FCA US seeks to transfer this matter to the United States District Court for the Southern District of New York, for referral to the bankruptcy court. FCA US

3

believes that the bankruptcy court sits in the best position to interpret and enforce the meaning of Amendment No. 4. (Doc. 22 at 11.) FCA US further contends that it would serve the interest of justice to allow the bankruptcy court to interpret its own order.

## LEGAL STANDARD

A defendant may remove an action from state court if it originally could have been brought in federal court. 28 U.S.C. § 1441. A court must remand a case removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). This Court first must determine whether it possesses subject matter jurisdiction. Federal courts operate "under an independent obligation to examine their own jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). A federal court may not entertain an action over which it lacks jurisdiction. *Id.*

The Court faces a Motion to Remand competing with a Motion to Transfer Venue. This Court lacks power to transfer a case without first having determined that it possesses jurisdiction. The Complaint raise no federal question under § 1331. The allegations in the Complaint likewise demonstrate an absence of the complete diversity requirement for jurisdiction under § 1332.

FCA US argues that this Court remains free to rule "in any order" when faced with the competing motion to remand and the motion to transfer venue.

4

Another court in this District, *Simonsen v. Tsunami Capital, LLC*, 2009 WL 368651 (D. Mont. 2009), faced a similar quandary. *Simonsen* determined that it should not exercise discretionary jurisdiction. The court instead recommended that the matter be remanded to state court thereby rendering moot the motion to change venue. *Id.* at 7. Significant overlap exists between these two issues in this case. The Court agrees with *Simonsen*, however, that it first should assess Plaintiff's Motion to Remand and the corresponding issue of subject matter jurisdiction before turning to FCA US's Motion to Transfer Venue.

## DISCUSSION

FCA US removed the case pursuant to the bankruptcy removal statute set forth at 28 U.S.C. § 1452. Section 1452 authorizes a party to remove any claim or cause of action in which the federal district court possesses jurisdiction under § 1334. A federal district court may refer a case to a bankruptcy court under § 1412 in the interest of justice, or for the convenience of the parties. 28 U.S.C. § 1412.

Section 1334(b) provides the district court with "original but not exclusive jurisdiction of all civil proceedings arising under Title 11" of the bankruptcy code. Section 1334(b) provides, in turn, for three types of bankruptcy jurisdiction: "arising under," "arising in," and "related to" jurisdiction. *Navistar Fin. Corp. v. Jim Palmer Trucking*, 2012 U.S. Dist. LEXIS 20510 at *6-7 (D. Mont. Feb. 17, 2012). Claims or causes of action that are said to "arise under," or "arise in" Title

5

11 constitute "core" bankruptcy proceedings. *Stern v. Marshall*, 564 U.S. 462, 476 (2011).

The Ninth Circuit adopted the "*Pacor* test" to assess the presence of "related to" jurisdiction. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). A civil proceeding is "related to" bankruptcy when the "outcome could alter the debtor's rights, liabilities, options, or freedom of action and which in any way impacts upon the handling and administration of the bankruptcy estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). The Ninth Circuit also adopted a "close nexus" test to analyze post-bankruptcy "related to" jurisdiction. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). The courts must examine whether a close nexus exists to the bankruptcy plan or proceeding. *Id.*

FCA US contends that this Court possesses jurisdiction pursuant to 28 U.S.C. § 1334(b) because this proceeding arises in or "relates to" the bankruptcy case of Old Carco LLC. (Doc. 25 at 12.) FCA US argues that the bankruptcy court's prior orders interpreting the MTA and Amendment No. 4 control the scope of FCA US's liability regarding Plaintiff's negligence claim and potential punitive damages. FCA US points to the fact that the MTA outlines FCA US's potential product liability for vehicles designed, manufactured, and sold before the bankruptcy closing. FCA US further reasons that Amendment No. 4 controls the

scope of FCA US's liability for punitive damages for claims based on those vehicles.

The allegations in Plaintiff's Complaint must be taken as true in determining subject matter jurisdiction. *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). Plaintiff's first cause of action for strict liability with regard to the vehicle's design falls squarely within the product liability claims allowed in Amendment No. 4. (Doc. 3 at 8.) Plaintiff's second cause of action alleges negligence with regard to FCA US's failure to warn consumers, recall vehicles, or otherwise attempt to limit harm from the vehicle's defective design. This claim gives the Court pause.

Plaintiff's second claim covers, however, FCA US's alleged negligence "[a]t all times mentioned, and specifically post-bankruptcy sale." Amendment No. 4 refers to "all Product Liability Claims." (Doc. 1-3 at 1.) Amendment No. 4 makes no distinction between strict product liability claims and product liability claims based on FCA US's negligence after the sale. *Id.* Plaintiff attempted to make clear at the hearing that he asserts no negligence claim against FCA US for any pre-bankruptcy conduct. The language of Plaintiff's Complaint with regard to the second claim and its reference to "specifically post-bankruptcy sale" supports Plaintiff's representations at the hearing.

7

Plaintiff's punitive damage claim likewise would not be considered a core proceeding arising in or arising under Title 11 of the bankruptcy code. Plaintiff's punitive damages claim would continue to exist independent of Title 11 as it alleges punitive damages connected to FCA US's post-bankruptcy conduct. No "related to" jurisdiction exists due to the lack of any close nexus between the allegations in Plaintiff's Complaint and the bankruptcy plan or proceeding sufficient to maintain bankruptcy court jurisdiction. Plaintiff's Complaint alleges actions or failures to take actions by FCA US that arose after the date of Amendment 4. This alleged post-bankruptcy conduct by FCA US falls outside the bankruptcy court's rulings.

FCA US misplaces reliance on *Dearden v. FCA US LLC*, 2017 WL 1190980 (E.D. Penn. 2017). The amended complaint in *Dearden* alleged a negligence claim and a claim for punitive damages against Chrysler. (Doc. 25-6 at 17-24.) The amended complaint specifically defined "Chrysler" as including "FCA US, LLC and Chrysler Group, LLC." *Id.* at 6. The bankruptcy court conceivably could determine that these claims involved the pre-bankruptcy conduct of Chrysler Group, LLC. This interpretation would give the bankruptcy court jurisdiction over the punitive damage claim because it would involve the bankruptcy court interpreting its prior orders regarding the MTA and Amendment No. 4 with respect to Chrysler Group, LLC's pre-bankruptcy conduct.

8

This case proves more akin to the decisions in *Mathias v. Fiat Chrysler Automobiles, NV ("FCA")*, 2016 WL 5109967 (N.D. Cal. 2016), and *Rodriguez v. FCA US LLC, et al*, 2017 WL 278540 (N.D. Cal. 2017). The plaintiffs each alleged causes of action for strict liability, negligence, and punitive damages against FCA US. *Mathias*, 2016 WL 5109967 at 1; *Rodriguez*, 2017 WL 278540 at 1. The courts granted plaintiffs' motions to remand in both cases instead of the defendants' motions to transfer venue.

Each plaintiff alleged a negligence claim regarding FCA US's post-bankruptcy conduct. *Mathias*, 2016 WL 5109967 at 6; *Rodriguez*, 2017 WL 278540 at 7. The courts determined that the plaintiffs' punitive damage claims related to plaintiffs' negligence claims. *Mathias*, 2016 WL 5109967 at 6; *Rodriguez*, 2017 WL 278540 at 7. The courts reasoned the plaintiffs sought to hold FCA US liable only for post-bankruptcy conduct. As a result, plaintiffs could not be seeking punitive damages for any pre-bankruptcy conduct. The courts concluded that plaintiffs' punitive damage claim in the manner pled constituted an "independent claim" rather than "core" claim arising under Title 11. Nothing remained for the bankruptcy court to interpret in relation to this claim. The MTA and Amendment No. 4 did not apply. *Mathias*, 2016 WL 5109967 at 8; *Rodriguez*, 2017 WL 278540 at 7.

The MTA and Amendment No. 4 also do not govern Plaintiff's claims here. The punitive damages allegations, in the manner pled in Plaintiff's Complaint, constitute an "independent claim" based only on FCA US' "own post-closing wrongful conduct." *In Re Motors Liquidation Co.*, 568 B.R. 217, 222 (Bankr. S.D.N.Y. 2015). No "gatekeeper" role exists for the bankruptcy court to perform. The bankruptcy court's orders need no interpretation to assess alleged post-closing wrongful conduct. *Id.*

FCA US has failed to establish that any basis existed to warrant removal pursuant to § 1452. FCA US similarly failed to establish that this Court possesses jurisdiction pursuant to § 1334. This Court lacks subject matter jurisdiction to decide these claims. Plaintiff's Motion to Remand must be granted. No need exists to analyze Defendant's Motion to Transfer Venue.

## ATTORNEY'S FEES AND COSTS

Plaintiff has requested attorneys' fees and costs under 28 U.S.C.A. § 1447(c) and Rule 11. Plaintiff argues that FCA US blatantly ignored adverse decisions issued from federal district courts in the Ninth Circuit. Plaintiff further argues that FCA US ignored all efforts by Plaintiff to resolve this issue outside the Court's docket.

Section 1447(c) provides that an order remanding a case from federal court to state court may require "just costs and any actual expenses, including attorney

fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The Supreme Court has determined that a court may award attorneys' fees, "absent unusual circumstances," only when the removing party possessed no objective reasonable basis in pursuing removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The circumstances presented here do not warrant an award of attorneys' fees and costs. The courts' decisions *Mathias* and *Rodriguez* represented persuasive authority only that did not necessarily bind this Court. The parties presented the Court with three decisions that addressed this identical question: *Mathias* and *Rodriguez*, and the opposing decision in *Dearden*. Faced with this legal landscape, FCA US possessed an objectively reasonable basis to seek removal and transfer. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Remand (Doc. 7), is **GRANTED**.
2. Plaintiff's Motion for Sanctions and Costs (Doc. 7), is **DENIED**.
3. Defendant's Motion to Transfer Venue (Doc. 22), is **DENIED**.

DATED this 14th day of November, 2017.

Brian Morris
United States District Court Judge